Frank Gainer Jr.

c/o 8775 Centre Park Drive, #423

Columbia, MD 20145

USDC- GREENBELT
'25 JUN 5 AM 9:33



"IGNORANCE OF THE LAW IS NO EXCUSE, ESPECIALLY THOSE PURPORTING TO BE PUBLIC OFFICIALS"

U.S. District Court

For the District of Maryland

Greenbelt 6500 Cherrywood Lane, Greenbelt, MD 20770

Frank Gainer Jr.

Plaintiff

v

State of Maryland

Governor of Maryland Wes Moore

Howard County

Howard County Executive Calvin Ball

Howard County Sheriff's Department

Howard County Sheriff Deputy Melvin Callaman #9228

Howard County Sheriff Deputy Corporal Paola Sanchez #9217

Howard County Sheriff Deputy Sergeant Robert Gaskins #9150

Howard County Police Department

Howard County Police Chief Gregory Der

Cynthia Lynn

Defendants

Case # ABA 25CV1782

**Complaint for Money Damages for:**

Deprivation of Rights under the Color of Law Protected by the Constitution,

Joint Conspiracy to Deprive Plaintiff of Rights Protected by the Constitution, Extortion under the Color of Law,

and Failure to Protect Plaintiff from Joint Action Conspiracy to Deprive Plaintiff of his Rights Protected by the Constitution as well as Fraud, Grand Theft and Extortion under the Color of Law

Jury is hereby Demanded.

1. Comes now the Plaintiff above named in his own natural person and complaints against Defendants above named for

depriving Plaintiff of constitutional rights under color of State Law, custom or usage, extortion under the Color of State Law and Joint action Conspiracy to so deprive and/or failure,

neglect or refusal to protect plaintiff from said joint action conspiracy although it was within the power to do so.

**Jurisdiction**

2. This Court has jurisdiction under 28 USC § 1343 (1), (2), (3), and (4), as well as 28 USC § 1332).

**Venue**

3. Plaintiff and individuals, named are citizens and residents of the State of Maryland. Defendants are employees of the State of Maryland and The County of Howard and a private citizen residing in Howard County pursuant to 28 U.S.C. § 1391(b) – Venue Generally.

**Parties**

4. Plaintiff is domiciled in the County of Howard, State of Maryland for the past ten years.

5. Wes Moore is Governor of the State of Maryland.

6. Calvin Ball is the Executive for the County of Howard

7. Melvin Callaman #9228 is a Sheriff Deputy for the County of Howard.

8. Paola Sanchez #9217 is a Sheriff Deputy Corporal for the County of Howard

9. Robert Gaskins #9150 is a Sheriff Deputy Sergeant for the County of Howard

10. Gregory Der is the Chief of Police for the County of Howard

11. State of Maryland

12. County of Howard

13. Cynthia Lynn is a private citizen residing in County of Howard

**Statement of Facts**

14.. By Law, Article I Section 9 of the Constitution, State of Maryland, Defendants Moore, Ball, Harris, and Der, have been required by Oath of affirmation, to support and defend Plaintiff's Constitutional rights when or where they claim to have jurisdiction over or official duties with the Plaintiff.

**Causes of Action**

First Cause of Action

15. On October 25th, 2023, Defendant(s) Cynthia Lynn conspired with the Howard County Sheriff's Department along with the Howard County Police Department to undergo an unlawful ejection from private property located at 10491 State Route 108, Columbia, Maryland 21044; furthermore, Plaintiff had a Rent-To-Own Contract with Defendant's late husband David Lynn prior to his demise. (Please See Exhibit 1, 2), - *Note* **(The original signed contract was confiscated and allegedly destroyed by Defendant Cynthia Lynn on or soon after alleged frivolous unlawful court ordered eviction carried out by misinformation given to the Howard County District Court and the Howard County Sheriff's Department.  There never was any agreement between Defendant Ms. Cynthia Lynn and the Plaintiff.**) Major repairs and improvements are made to property. (Please see Exhibit 3 - 17) Soon after Mr. Lynn passed away the Defendant devised an alleged scheme to ignore the initial Rent-To-Own contractual agreement made between David Lynn and Plaintiff Frank Gainer Junior; furthermore, using the Howard County Sheriff's Department, Howard County Police Department, and Howard County District Court as a joint action to deprive plaintiff of his ownership rights. (Please See Exhibit 19, 21) Take further notice that an unlawful eviction was carried out as if the Plaintiff were but a mere tenant paying rent to a landlord which was never the circumstances. The Defendant Cynthia Lynn and Plaintiff never had a tenant-landlord contractual agreement nor did the Defendant inherit the property after her husband's demise.

Take further notice that Plaintiff was forced out of his own private property along with the confiscation of all personal belongings.   (Please See Exhibit 20, 21, 22, 23, 28)

16. Said order was in violation of Article 1 Section 10 of the Constitution

Section 10. No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money;

emit bills of credit; make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post

facto law, or law impairing the obligation of contracts, or grant any title of nobility.

No state shall, without the consent of the Congress, lay any imposts or duties on imports or exports, except what may be

absolutely necessary for executing its inspection laws: and the net produce of all duties and imposts, laid by any state on

imports or exports, shall be for the use of the treasury of the United States; and all such laws shall be subject to the revision

and control of the Congress.

No state shall, without the consent of Congress, lay any duty of tonnage, keep troops, or ships of war in time of peace, enter

into any agreement or compact with another state, or with a foreign power, or engage in war, unless invaded, or in

such imminent danger as will not admit of delay.

**Second Cause of Action**

17. Defendants forcing plaintiff out of said property unlawfully violated 18 USC 1951 "Hobbs Act" which criminalizes actual or attempted extortion or robbery that affects interstate commerce. Extortion includes obtaining property from another with their consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18. Defendant(s) Howard County Sheriffs deputies and Howard County Police Officers, threatened Plaintiff with deprivation of Liberty and property without due process of Law. (Please See Exhibit 22)

19. All this was done under, Color, Custom and Usage of Maryland State Code.

- **Which are similar in cases Simmons v Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) and A Society Without a Name v Virginia, 655 F. 3d 342, 346 (4th Cir. 2011).**

20. **Defendant(s) Lynn were acting in joint conspiracy with Howard County Police Department and Sheriffs Department under color, custom and usage of law by conducting an unlawful ejection/eviction from said property knowing Plaintiff had ownership stake/percentage through aforementioned Rent-To-Own Contractual Agreement of said property beforehand.**

21. These constitute violations of Defendants Oath of Office as covered by Title 18, USC 241 and 242.

22. Defendant was assigned to Court wherein Plaintiff was forced to appear as a Tenant in an alleged frivolous landlord-Tenant Dispute in Howard County District Court Case number D-101-LT-23-008690. (Please See Exhibit 18)

Denial of Due Process

23. Plaintiff is guaranteed Due process of Law by the Fifth Amendment of our U.S. Constitution.

24. Due Process is guaranteed by the 5th amendment of the Constitution.

Infliction of Excessive and therefore Cruel and Unusual Punishment

25. Under the 8th Amendment, cruel and unusual punishment may not be applied against Plaintiff.

26. **Defendants have imposed cruel and unusual punishment upon Plaintiff by the physical, monetary, and mental stress placed upon Plaintiff as a result of Defendant(s) lack of due care, due process of law and deprivation of rights,**

**- by conducting an unlawful eviction/ejection from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044 while Plaintiff had an initial Rent-To-Own agreement with Defendant Cynthia Lynn's late husband David Lynn prior**

27. Plaintiff reserves all powers not specifically delegated to the Federal or State Government and he has not waived any of the rights, which for the most part are natural rights, but which are also protected by the Constitution.

Infliction of Peonage and Involuntary Servitude

28. Under the 13th Amendment to the constitution Plaintiff is protected against peonage and involuntary servitude, where the actions of Defendants appear to destine Plaintiff.

Maryland Bar in Violation of Sherman Antitrust Act

29. Defendants, Under Color, Usage and Custom of Maryland Law set forth in Article 17 Declaration of Rights of Maryland Constitution.

30. Defendants Moore, Callaman, Sanchez, Gaskins, Der, and Ball, Sheriff's Dept., Police Dept. through joint action conspiracy with Cynthia Lynn acted outside their Lawful Duties, to bring to bear upon Plaintiff unconstitutional acts under Color, custom and Usage of State laws.

31. Defendants acted outside the perimeters of their Lawful Duties.

32. Defendants Violated their Oaths of office. They did so under Color, Custom and usage of State Law.

Defendants acted Grossly, Willfully, Wantonly, Unlawfully, Carelessly, Recklessly, Negligently, Maliciously, purposefully,

Intentionally and Discriminatingly against Plaintiff and did so taking advantage of Color, Custom and Usage of State Law and

custom within a citizen's fear of State personal prosecuting good citizens for having stood up for their Natural rights protected

by the U.S. Constitution and the Maryland

State Constitution.

**Third Cause of Action**

33. Defendants failed/neglected/refuted/refused to answer the Notice of Complaint to the State of Maryland pursuant to Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 that was served on the Defendant(s) State of Maryland Attorney

General's Office, Moore, Howard County Sheriff's Dept., Harris , Howard County Police Dept., and Der via Notary Presentment by US Postmaster, USPS Certified Registered Mail # 9589 0710 5270 1891 3362 06 on 04/12/2024 (Please see Tort Claim Page 42)

34. Take further notice that after 30 days the Defendant(s) failed/refused/refuted to answer the aforementioned request in good faith; furthermore, the Defendants did not give any justification of withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record, allegedly violating aforementioned Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552.

35. Take further notice that on 04/11/2025 Maryland Public Information Act Request pursuant to the Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 was served on the Defendant(s) State of Maryland via Department of Budget and Management, Moore, Howard County Sheriff's Dept. ,Harris , Howard County Police Dept., and Der via Notary Presentment by US Postmaster, USPS Certified Registered Mail  # 7022 3330 0001 1325 2617, (Dept. of Budget and Management), # 7022 3330 0001 1325 2716 (Howard County Executive), # 7022 3330 0001 1325 2631 (Howard County Police Department), # 7022 3330 0001 1325 2624 (Howard County Sheriff's Dept.).   (Please see Tort Claim Page 185)

36. Take further notice that to date, the Defendant(s) still have failed/refused/refuted to answer the aforementioned request in good faith; furthermore, the Respondents did not give any justification of withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record, allegedly violating aforementioned Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 as well Plaintiff's rights protected by, the Maryland Constitution of 1776 Declaration of Rights as well as the United States Constitution (Bill of Rights) and pursuant to rights and protections guaranteed to Plaintiff from Defendant's constitutional limits upon governmental authority including but not limited to Defendant's oath of office pursuant to Article VI of the United States of America Constitution and the Code of laws of the United States of America of a General and Permanent Character – Title 22. Chapter 2 Section 141, and the remedies available under the UNIFORM COMMECIAL CODE, COMMON LAW AND COMMERCIAL LIENS, TITLE 42, TITLE 28 USC AND ADDITIONALLY SUCH STATE STATUTE(S), LAW, RULES AND REGULATIONS THAT APPLY TO THE DEFENDANT(S) AND PLAINTIFF DOES NOT WAIVE ANY PART OF THEM.

37. Take further notice that pursuant to The Maryland Open Meetings Act Section 3-402, Assessment of Civil Penalties as well as 5 U.S.C. § 552(a)(4)(F),  and U.S. Supreme Court Case precedent Gardner V. Broderick, 392 U.S. 273 (1968) "Public Servants must respond to any and all presentments,"  and pursuant to UCC § 9-509(a) –Implicit authorization/acquiescence, and Maryland's equivalent of UCC § 9-402(8), which emphasizes that minor errors or omissions do not invalidate a financing statement if substantially complies with UCC requirements and does not mislead third party; furthermore,  all listed Defendants are allegedly personally liable for Civil, and Criminal damages in their Public and/or Private Capacity as well as their Companies and/or Agencies in accordance with law.

**Fourth Cause of Action**

**Conspiracy. Overt Acts**

38. Defendants Lynn, Howard County Police Department, Howard County Sheriff's Department, Howard County, and State of Maryland conspired together and with others yet unknown to Plaintiff to deprive him of his rights. (Please See Exhibit 25 - 27) 29

39. Overt acts committed by Defendants included in above paragraph of this complaint.

- The Defendant Cynthia Lynn knowingly and jointly conspire to deprive Plaintiff's rights by using local law enforcement agents (Howard County Police Department, Howard County Sheriff's Department) to conduct an unlawful eviction/ejection from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044 while Plaintiff had an initial Rent-To-Own agreement with Defendant Cynthia Lynn's late husband David Lynn prior as well as spending thousands of dollars on renovation of aforementioned property under the assumption of part owner and not as a tenant. (Please see Exhibit 3 - 17)

- **The Defendants Howard County Police Records Section form pursuant to Maryland Public Information Act, 4-101 et seq. was completed and submitted by Plaintiff to the Howard County Police on or around December of 2023 requesting Body Cam Footage with the name and badge numbers of Police Officer on scene during alleged unlawful eviction/ejection from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044.** (Please see Exhibit 25, 26)

- **The Defendants Howard County Police Department, Respondeat Superior in a response letter to the Maryland Public Information Act request dated January 5th, 2024, claim that they were never on scene during the unlawful eviction/ejection from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044; however, the Body Cam Footage from the Defendants Howard County Sheriff's Department Deputies show otherwise** (Please see Exhibit 24)

-The Defendants Howard County Sheriff's Department through the actions of Callaman #9228, Sanchez #9217, and Gaskins #9150 knowingly and jointly conspires to deprive Plaintiff's rights by unlawfully evicting/ejecting Plaintiff from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044. (Please see Exhibit 21, Video)

-The Defendant Ball's role as Chief Executive Officer for Howard County is to oversee all county departments including Howard County Police Department and Howard County Sheriff's Department. In conjunction with the County Attorney, Defendant Ball also manages legal matters affecting Howard County. The Defendant Ball was sent a Maryland Public Information Act Request pursuant to Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 on 04/10/2025 by Notary Presentment via USPS Certified. Registered Mail (7022 3330 0001 1325 2716) giving Defendant Ball 30 days to answer and or respond in good faith.

-Defendant Ball neglected/refuted/refused to respond to the a Maryland Public Information Act Request pursuant to Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 on 04/10/2025; furthermore, Notary Public created an Affidavit

and Certificate of Non-Response and Ni-Hil Di-Cit and mailed it to Defendant Ball via USPS Certified, Registered Mail (7022 3330 0001 1325 2686) on 05/13/2025, which confirms that Defendant Ball and Howard County failed to respond; therefore, neglected to protect Plaintiff from said and joint conspiracy to deprive Plaintiff's rights by unlawfully evicting/ejecting Plaintiff from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044 while having the power to do so, and through his implicit authorization/acquiescence have agreed to all terms and conditions given in the Notice for Demand for Payment, Notice of Waiver of Tort, Statement of Claim Remedy, True Billing and Fee Schedule, along with the UCC financing statement/lien.

- The Defendant Moore was mailed a Notice of Formal Complaint pursuant to the Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 on or around 04/12/2024, by Notary Presentment via USPS Certified, Registered Mail (9589 0710 5270 1891 3359 71) (Please see Tort Claim Page 42, 185)

-Defendant Moore and the State of Maryland neglected/refuted/refused to respond to the a Maryland Public Information Act Request pursuant to Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 on 04/10/2025; furthermore, Defendant Moore and the State of Maryland failed to respond; therefore, neglected to protect Plaintiff from said and joint conspiracy to deprive Plaintiff's rights by unlawfully evicting/ejecting Plaintiff from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044 while having the power to do so, and through his implicit authorization/acquiescence have agreed to all terms and conditions given in the Notice for Demand for Payment, Notice of Waiver of Tort, Statement of Claim Remedy, True Billing and Fee Schedule, along with the UCC financing statement/lien.

Defendant Moore was sent a Maryland Public Information Act Request pursuant to Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 on 04/10/2025 by Notary Presentment via USPS Certified. Registered Mail (7022 3330 0001 1325 2716) giving Defendant Ball 30 days to answer and or respond in good faith.

-Defendant Moore neglected/refuted/refused to respond to the a Maryland Public Information Act Request pursuant to Maryland General Provisions Code Ann. § 4-101 et Seq. and The FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 on 04/10/2025; furthermore, Notary Public created an Affidavit and Certificate of Non-Response and Ni-Hil Di-Cit and mailed it to Defendant Ball via USPS Certified, Registered Mail (7022 3330 0001 1325 2686) on 05/13/2025, which confirms that Defendant Moore and the State of Maryland failed to respond; therefore, neglected to protect Plaintiff from said and joint conspiracy to deprive Plaintiff's rights by unlawfully evicting/ejecting Plaintiff from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044 while having the power to do so, and through his implicit authorization/acquiescence have agreed to all terms and conditions given in the Notice for Demand for Payment, Notice of Waiver of Tort, Statement of Claim Remedy, True Billing and Fee Schedule, along with the UCC financing statement/lien.

40. Denying Plaintiff's rights of due care and due process of law, are all in collusion with the State Legislative Branches of the State of Maryland.

41. Defendants named above relying on their own discretion and erroneous interpretation of the Supreme Law of the Land, which is the Constitution and not any statute in conflict there with issued or coursed to be issued order for Plaintiff conspire with Defendants to subvert the Constitution by excepting Titles of Nobility and to make something other them gold and silver coin a tender for payment of debt.

42. All these are contrary to Article 1, Sec. 10, of the Constitution.

43. Defendants aforenamed deprived Plaintiff of his 9th and 10th Amendment rights, which protect him from Oath breaking so-called "public servants" who wallow in the public trough while trampling upon Plaintiff's Constitutional Rights.

44. Said Defendants, Meanwhile attempt to impose totalitarian Socialism upon the People, although such a System is the Antithesis of the Constitution, that public servants and duly constituted Authorities are Sworn to uphold

45. Defendants have exceeded their jurisdiction.

46. They have abused their discretion.

47. They have acted outside the Lawful perimeters of their official duties.

48. They have Grossly, Willfully, wantonly, Unlawfully, Carelessly, Recklessly, Negligently, Intentionally, maliciously,

Purposefully, and Discriminatingly Conspired to deprive Plaintiff of his Constitutional rights and Defendants have Refused, neglected

or Failed to Protect Plaintiff from said Conspiracy although they have been in a position to do so.

49. Defendants acts as heretofore complained of, have caused harm and damage to the Plaintiff.

50. Said acts have caused, insomnia, worry, financial insecurity, stress and strain in relationships, with his family, relatives and friends, Defendants activities have impaired Plaintiffs credit standing.

51. They have subjected him to mental anguish, monetary anguish, physical anguish, slander, deliberate indifference as well as public ridicule and embarrassment.

**-Through an unlawful eviction/ejection from said property and confiscation of private property located at 10491 State Route 108, Columbia, Maryland 21044 while Plaintiff had an initial Rent-To-Own agreement with Defendant Cynthia Lynn's late husband David Lynn prior to forced ejection.**

**Prayer**

52. Defendants malicious and frivolous acts entitled Plaintiff to recover money damages from Defendants and from each of them in their "official" and "unofficial capacity, and/or "public" and "private capacity"

**Statement of Claim and Fee Schedule**

Through Implicit Authorization/Acquiescence as follows:

53. Governor Wes Moore; amount owed: $250,000.00 USD (Public and Private Capacity)

54. State of Maryland: $25,120,000.00 USD (Public Capacity)

55. Howard County Executive Calvin Ball; amount owed: $ 250,000.00 USD (Public and Private Capacity)

56. County of Howard; amount owed: $25,120,000.00 USD (Public Capacity)

57. Howard County Sheriff Deputy Melvin Callaman #9228; amount owed: $100,000.00 USD (Public and Private Capacity)

58. Howard County Sheriff Deputy Corporal Paola Sanchez #9217 amount owed: $100,000.00 USD (Public and Private Capacity)

59. Howard County Sheriff Deputy Sergeant Robert Gaskins #9150; amount owed: $100,000.00 USD (Public and Private Capacity)

60. Howard County Sheriff's Department; amount owed: $25,120,000.00 USD (Public Capacity)

61. Howard County Police Chief Gregory Der; amount owed: $250,000.00 USD (Public and Private Capacity)

62. Howard County Police Department amount owed: $25,120,000.00 USD (Public Capacity)

63. Cynthia Lynn; amount owed: $25,120,000.00 USD (Private Capacity)

64. This shall be payable to Plaintiff in Constitutional Lawful Money redeemable in gold or silver coin as set forth in Article 1 Sec. 10 of the constitution.

65. In addition plaintiff prays such other and further relief as to the jury demanded in this case shall appear just.

66. Defendants herein are sued in their individual capacities as well as their official capacities as agents of the State of Maryland or The United States.

67. This is a "Prima Facie" Tort Claim not a Civil Rights suit pursuant to State Substantive Law through the Erie Doctrine from Erie Railroad Co. v Tompkins, 304 U.S. 64 (1938); furthermore, the listed Defendants were aware of the UCC-1 financing statement filed against them in relation to this said Complaint. The Defendants accepted the terms of the UCC-1 Financing Statement through their Implicit Authorization/Acquiescence pursuant to UCC § 9-509(a); furthermore, all Parties had a course dealing that implied consent.

68. If necessary; Plaintiff demands for all issues to be decided by the Jury Demanded, with a Court ordered Attorney appointed for Jury Trial.

69. If Defendants move to dismiss this suit, Plaintiff Demands that it be heard by the jury demanded, and only be dismissed if the Jury considers it lacks merit.

**Memorandum of Law in support of Complaint for money damages:**

70. 10 Maxims of Commercial Law

71. U.S. Constitution (Bill of Rights)

72. Article VI of the United States of America Constitution and the Code of laws of the United States of America of a General and Permanent Character – Title 22. Chapter 2 Section 141

73. the remedies available under the UNIFORM COMMECIAL CODE, COMMON LAW AND COMMERCIAL LIENS, TITLE 42 and 28 USC AND ADDITIONALLY SUCH STATE STATUTE(S), LAW, RULES AND REGULATIONS THAT APPLY TO YOU AND DO NOT WAIVE ANY PART OF THEM

**CASE LAW**

74. and pursuant to U.S. Supreme Court Case United States v. Throckmorton (98 U.S. 61) 1878 "FRAUD ON THE COURT, BY THE COURT, AND THE PROSECUTION"

75. Gardner V. Broderick 392 U.S. 273 (1968 "Public Servants must respond to any and all presentments"

76. U.S. v Throckmorton 98 U.S. 61, 25 L. Ed.93 "Fraud vitiates the most solemn contracts, documents, even Judgments",

77. Dennis v. Sparks, 449 U.S. 24 (1980)- a private party who conspires with a judge acting under color of law can be held liable under § 1983.

78. U.S. v Kis , 658F 2nd, 526, 536, (7th Cir. 1981): Cert Denied, 50 US L.W. 2169: S. Ct. " Indeed no more than affidavits are necessary to make the Prima Facie case"

79. State Substantive Law through the Erie Doctrine from Erie Railroad Co. v Tompkins, 304 U.S. 64 (1938).

80. Plemens v. Didde-Glaser, Inc. (1966)

**Miscellaneous**

81. and pursuant to sworn oath of office and obligation to register with the Secretary of State (U.S.C. Article VI Clause III).

82. Administrative Procedures Act of 1946, 2. Informal Rulemaking. 5 U.S.C. § 553 (a),(b),(c),(d),(e) governs informal rulemaking.

83. 18 USC § 1951- Hobbs Act

84. UCC § 9-509(a) –Implicit authorization/acquiescence

**Declaration**

**I declare under the penalty of perjury of the laws of the United States of America's Maryland Republic the foregoing to be true and correct.**

(Respectfully submitted)

By: *Gainer, Frank E.*    June 4, 2025

(Read Attached supporting Documents)