IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| FRANK GAINER, JR., | |
|---|---|
| *Plaintiff*, | |
| v. | Civil Action No. 25-cv-1782-ABA |
| STATE OF MARYLAND, *et al.*, | |
| *Defendants* | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Frank Gainer Jr., proceeding *pro se*, has filed a complaint against Defendants the State of Maryland, Governor Wes Moore, Howard County, Howard County Executive Calvin Ball, the Howard County Sheriff's Department, the Howard County Police Department, individuals in the Sheriff's Department and Police Department, and Cynthia Lynn (a "private citizen"). ECF No. 1. He later filed an amended complaint against the same defendants. ECF No. 5.

Mr. Gainer alleges that Ms. Lynn conspired with the Sheriff's Department and Police Department to evict him from his private property. *Id.* at 3. He contends that he had a rent-to-own contract with Ms. Lynn's late husband, but Ms. Lynn confiscated and destroyed the original signed contract at or shortly after the time of the eviction. *Id.* He also alleges that Defendants failed to respond to a Notice of Complaint sent to the Attorney General's Office for the State of Maryland. ECF No. 5 at 5–6. Mr. Gainer alleges four causes of action: (1) violation of Article 1 Section 10 of the U.S. Constitution, ECF No. 1 at 3–4; (2) violation of 18 U.S.C. § 1951, *id.* at 4–5; (3) violations of the Freedom of Information Act and the Maryland Public Information Act, *id.* at 6–7; and (4) conspiracy "to deprive [Plaintiff] of his rights," *id.* at 7.

1

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). "Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

As to Mr. Gainer's first claim, Article 1, section 10 of the U.S. Constitution provides that no state shall "pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. 1. § 10. Because Plaintiff has not identified a state law that has interfered with the obligation of a contract, that is, "the law which binds the parties to perform their agreement," he fails to state a claim under this constitutional clause. *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 429 (1934).

In Mr. Gainer's second claim, he alleges a violation of 18 U.S.C. § 1951, which he contends "criminalizes actual or attempted extortion or robbery that affects interstate commerce." ECF No. 5 at 4. The statute Plaintiff cites is a criminal statute, and Plaintiff has no private right of action under it. *See Robertson v. Foster*, Case No. 26-cv-3610-ELH, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) ("It is well established that there is no private right of action to pursue claims under federal criminal statutes."). Therefore, he has failed to state a claim under this statute.

As to Plaintiff's Freedom of Information Act claim, ECF No. 5 at 6–7, Mr. Gainer has not stated a claim because he has failed to allege that he sought documents from a federal agency. *See Bowers v. U.S. Dep't of Justice*, 930 F.2d 350, 353 (4th Cir. 1991) ("FOIA was enacted as a general disclosure statute pertaining to all *federal records*.") (emphasis added). And as to Plaintiff's Maryland Public Information Act (MPIA) claim, ECF No. 5 at 6–7, the MPIA requires a suit for denial of a public record request to be brought in the circuit court. Md. Code Ann. Gen. Provs. § 4-362(a). *See also Sowe v. Maryland*, Case No. 09-cv-0621-WDQ, 2009 WL 2730284, at *2 (D. Md. 2009) (dismissing MPIA claim because the statute requires the suit to be filed in state court). Accordingly, neither the Freedom of Information Act nor the MPIA provide a basis for this suit.

Finally, as to Plaintiff's conspiracy claim, ECF No. 5 at 7–10, Plaintiff has not alleged sufficient facts to state a claim for conspiracy. Civil conspiracy requires three elements: (1) an agreement or understanding by two or more persons, (2) an "unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal," and (3) actual legal damage to the plaintiff. *Windesheim v. Larocca*, 443 Md. 312, 347 (2015). Here, Mr. Gainer alleges that Ms. Lynn and other Defendants "conspired together . . . to deprive him of his rights" by conducting an eviction/ejection from his property that he contends was unlawful. ECF No. 5 ¶ 39. He also appears to allege that some of Defendants' responses to his FOIA or MPIA requests were part of the conspiracy. *Id*. As explained above, Plaintiff has not adequately alleged any acts that were unlawful under the FOIA or the MPIA. As to the allegedly unlawful eviction, Plaintiff has not sufficiently alleged an agreement or understanding between the Defendants. Mr. Gainer conclusorily states

that several Defendants "conspired together" to violate his rights, *id.* ¶ 38, but his complaint also alleges that Ms. Lynn "us[ed] local law enforcement agents . . . to conduct an unlawful eviction." *Id.* ¶ 39. This allegation is insufficient to allege an actionable conspiracy. *See Aarow Elec. Sols. v. Tricore Sys., LLC*, 693 F. Supp. 3d 525, 544 (D. Md. 2023) (explaining that to allege conspiracy, "plaintiff is required . . . to allege an agreement or [aver] that there was a communication, consultation, cooperation, or command from which such an agreement can be inferred") (quoting *Moxley v. Town of Walkersville*, 601 F. Supp. 2d 648, 668 (D. Md. 2009)).

Even reading the pleadings with deference to Plaintiff, there is no plausible basis for any cause of action. Accordingly, the Complaint will be dismissed.

**ORDER**

It is hereby ORDERED as follows:

1. This case is DISMISSED for lack of jurisdiction;
2. The Clerk shall CLOSE this case; and
3. The Clerk is DIRECTED to mail a copy of this Memorandum Opinion and Order to Plaintiff.

Date: September 4, 2025 _____/s/_____
Adam B. Abelson
United States District Judge