# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND – GREENBELT DIVISION

FRANK GAINER JR.,

Pro Se Plaintiff
c/o 8775 Centre Park Dr., #423
Columbia, Maryland 21045
v.

BRANDON GROSCH, Case Manager (individual and official capacity)
JANET FLETCHER, Case Administrative Supervisor (individual and official capacity)
CATHERINE M. STAVLAS, Clerk of Court (individual and official capacity)
HON. ADAM B. ABELSON, U.S. District Judge (official capacity only)
HON. GEORGE L. RUSSELL III, Chief Judge (official capacity only)

Defendants.

Civil Action No.: 1:25-cv-01782-ABA

**CONSOLIDATED NOTICE OF RECONSIDERATION, REBUTTAL TO ORDER OF DISMISSAL,**

**NOTICE OF INTENT TO FILE CLAIM AGAINST FEDERAL EMPLOYEES, AND NOTICE WITH INTENT TO FILE AN APPEAL**

## I. INTRODUCTION

Plaintiff Frank Gainer Jr., in propria persona sui juris, remits this Consolidated Notice pursuant to Fed. R. Civ. P. 59(e) and 60(b), and Fed. R. App. P. 3 & 4. Plaintiff respectfully seeks reconsideration, relief, and if denied soon after an appellate review of this Court's Memorandum Opinion and Order dated September 4, 2025, which dismissed Civil Action No. 1:25-cv-01782-ABA for lack of jurisdiction.

This filing shall be read together with Plaintiff's separately-filed "Notice of Formal Complaint, Challenge to Jurisdiction, and Intent to File Counter Claim" (filed contemporaneously). That companion Notice establishes a documented record of administrative failure, jurisdictional challenge, lawful demand for oaths and bonds, and the activation of Plaintiff's published fee schedule. Together, the two filings reinforce (1) Plaintiff's compliance with Court obligations; (2) systemic clerk and judicial failures; and

(3) Plaintiff's preserved rights to declaratory, mandamus, Bivens, constitutional tort, and counter-claim remedies.

## II. RELEVANT FACTS

(All facts here remain as stated previously; cross-reference added)

1. On June 5, 2025, Plaintiff filed his Verified Complaint and paid the $405 filing fee.

2. The Clerk failed to issue summons as mandated by Rule 4(c)(1).

3. The matter was improperly docketed as in forma pauperis despite no application—an error specifically addressed again in Plaintiff's Formal Complaint and Jurisdictional Challenge.

4. Plaintiff filed motions and notices on August 5 and August 21, 2025 which received no action, contrary to procedural duty.

5. On September 4, 2025, the Court dismissed the action for lack of jurisdiction without reviewing or curing administrative errors.

6. Plaintiff's earlier Notice of Reconsideration was also dismissed without addressing these defects.

7. These failures are the subject of the counterclaim notice and fee schedule enforcement detailed in the companion filing.

## III. LEGAL GROUNDS FOR RECONSIDERATION

(Strengthened by additional references)

1. Jurisdictional Dismissal Resulted from Administrative Failures. Failure to issue summons and gross misclassification stem from Court administration, not Plaintiff's omissions. See companion Formal Complaint (Sec. II–III), establishing neglect of ministerial duties.

2. Clerical Error (Rule 60(b)(1)). Misclassification as IFP, failure to docket filings, and refusal to acknowledge motions are material clerical errors.

3. Violation of Rules 4(c) and 4(m). Rule 4(c)(1) creates a non-discretionary obligation for the Clerk. Plaintiff was never given Rule 4(m)'s required opportunity to cure.

4. Denial of Fifth Amendment Due Process. Both reconsideration filings and motions were dismissed or ignored, denying meaningful judicial access.

5. Constructive Denial of Access to Courts (Bivens). Errors obstructed Plaintiff's access to judicial process. Companion complaint (Sec. III) puts all involved officials on notice of personal capacity liability under Bivens, 403 U.S. 388 (1971).

## IV. FORMAL REBUTTAL TO DISMISSAL ORDER

Plaintiff responds directly to the September 4, 2025 order of dismissal:

• Filing fee was fully paid; misclassification as IFP is error.

• Summons omission was a clerk failure, not plaintiff neglect.

• Motions were disregarded in violation of Rule-based timelines.

• Dismissal without leave to cure procedural defects conflicts with Rule 1 and Rule 4(m).

• These failures are part of a documented pattern also outlined in Plaintiff's companion Jurisdictional Challenge.

## V. NOTICE OF INTENT TO FILE CLAIM AGAINST FEDERAL EMPLOYEES

As supplemented by the companion Formal Complaint, Plaintiff gives direct notice of intent to pursue personal or official claims against:

• Brandon Grosch (Case Manager),

• Janet Fletcher (Case Administrative Supervisor),

• Catherine M. Stavlas (Clerk of Court),

• Hon. Adam B. Abelson (U.S. District Judge, official capacity),

• Hon. George L. Russell III (Chief Judge, official capacity).

Grounds include failure to issue summons, docket mismanagement, obstruction of filings, and violation of due process—referenced again in detail with fee liability schedules in the companion filing.

## VI. NOTICE WITH INTENT TO FILE AN APPEAL

Provided Reconsideration is denied the Plaintiff will appeal to the United States Court of Appeals for the Fourth Circuit the following:

1. The September 4, 2025 dismissal of Civil Action No. 1:25-cv-01782-ABA;

2. The dismissal of Plaintiff's Notice of Reconsideration.
Appellate issues include improper jurisdictional dismissal, failure to rule on motions, denial of opportunity to cure, constitutional violations, and — as described in the companion filing — failure to produce jurisdictional authority, oaths, or bonding proof.

### VII. INCORPORATION OF VERIFIED COMPLAINT

Plaintiff incorporates by reference his Verified Complaint (June 5, 2025) and companion Formal Complaint filed this date, including claims for mandamus, declaratory relief, constitutional tort, equitable relief, and monetary damages under a published commercial fee schedule.

### VIII. RELIEF REQUESTED (Prayer for Relief)

Plaintiff respectfully asks the Court to:

1. Vacate the dismissal order and reinstate Civil Action No. 1:25-cv-01782-ABA;

2. Direct immediate issuance of summons;

3. Correct docket errors and classifications;

4. Rule on all pending filings;

5. Hold a prompt status conference;

6. Recognize liability for federal employees under Bivens, 42 U.S.C. § 1983, and related doctrines;

7. Enforce monetary relief as outlined in Plaintiff's submitted fee schedule;

8. Transmit this Notice of Appeal to the Fourth Circuit.

### IX. VERIFICATION

I, Frank Gainer Jr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Signed: *[signature]*

Frank Gainer Jr.

Date: 9/5/2025

## X. CERTIFICATE OF SERVICE

I certify that on this __5th__ day of __September__, 2025, a true and correct copy of the foregoing was served on all parties and filed with the Court by method of service.

Respectfully remitted,
Frank Gainer Jr.
Pro Se Plaintiff