IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK GAINER, JR.,
    *Plaintiff,*

v.

STATE OF MARYLAND *et al.*,
    *Defendants.*

Case No. 25-cv-1782-ABA

**MEMORANDUM OPINION and ORDER**

Self-represented Plaintiff Frank Gainer, Jr., has filed a motion for reconsideration and several other motions related to the Court's previous dismissal of his complaint. For the following reasons, the Court will deny the motions.

**I.    BACKGROUND**

Gainer filed his complaint on June 5, 2025. ECF No. 1. It alleged a conspiracy among several state and local agencies and officials and a private citizen. *Id.* at 3–10. On September 4, 2025, this Court dismissed the complaint for failure to state a claim and closed this case. ECF No. 21 at 4. On September 5, 2025, Plaintiff filed a motion to re-open this case along with a "notice of reconsideration" and "rebuttal to order of dismissal," ECF No. 22, and subsequently filed a "motion to vacate judgment under [Rule] 60(b)," ECF No. 23. Gainer has also filed two motions to transfer the case to the U.S. District Court for the District of Columbia. ECF Nos. 24 and 25. The basis for transfer is an alleged conflict of interest due to a separate lawsuit Gainer filed (the "D.C. Suit") that "names federal employees working in the Greenbelt Division." ECF No. 24 at 2. The D.C. Suit was initiated on September 18, 2025, and names the undersigned as a Defendant, as well as Chief Judge Russell of this Court and staff members of the District

Court for the District of Maryland. *Gainer v. Russell et al.*, Case No. 25-cv-03263-TSC (D.D.C.). Gainer has also filed motions for a temporary restraining order, ECF Nos. 26 and 27, and a motion to compel a ruling, ECF No. 33, and also noticed an appeal, ECF No. 31.

## II. DISCUSSION

### A. Motion for reconsideration

Gainer's motions for reconsideration are difficult to follow, but refer to both Rule 59(e) and Rule 60(b). ECF No. 22 at 1. The Court remains mindful of its obligation to liberally construe the pleadings and papers of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but, even so, Gainer is not entitled to relief under either Rule.

#### i. Rule 59(e)

Rule 59(e) allows for a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A "Rule 59(e) motion 'need not be granted unless the district court finds [1] that there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, -- F.4th ---, Case No. 24-1789, 2025 WL 3674710, at *3 (4th Cir. Dec. 18, 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)).

Gainer has not shown an entitlement to relief on any of these grounds. Gainer cites no intervening change of law. Although Gainer has provided several "affidavits" related to the case, ECF Nos. 28–30, which the Court has reviewed, none of these documents contains any new evidence. And even if the Court were to allow Gainer to

2

incorporate these affidavits into his complaint retroactively, they would not change the analysis in the Court's original opinion dismissing the case. They still fail to contain short and plain allegations of fact explaining why Gainer is entitled to relief. Gainer's motion also fails to explain why the Court's prior opinion contains a clear error or must be amended to prevent manifest injustice. Gainer claims that the court "misclassif[ied]" him as proceeding under *in forma pauperis* status rather than as having paid the filing fee. ECF No. 22 at 2–3. But the Court's opinion did not characterize Gainer as proceeding *in forma pauperis*. And regardless, ""[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). It appears Gainer simply disagrees with the previous opinion. But "[m]ere disagreement does not support a Rule 59(e) motion." *Nicholson*, 2025 WL 3674710, at *3 (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993)). To the extent Gainer has moved under Rule 59(e), his motion is denied.

      **ii.    Rule 60(b)**

Gainer's argument fare no better under Rule 60(b). That rule allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for one of six reasons:

    1.    mistake, inadvertence, surprise, or excusable neglect;
    2.    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    3.    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    4.    the judgment is void;
    5.    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

> been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6. any other reason that justifies relief.

Fed R. Civ. P. 60(b). "[T]o obtain relief from a final judgment under Rule 60(b), one of the six grounds enumerated must be satisfied." *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024). "Like a 59(e) motion, Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield*, 674 F.3d at 378.

Gainer's motion has not satisfied any of these six factors. His motion does not coherently explain how any of the first five factors would apply to alter the underlying analysis of the Court's previous opinion. The Court's own review of the prior opinion and Gainer's submissions does not reveal any basis for relief on the first five grounds either. Although Rule 60(b)(6) provides a "catchall" basis for reconsideration, it nonetheless requires "a showing of 'extraordinary circumstances'" to warrant relief. *Daulatzai*, 97 F.4th at 178 (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). Gainer has not shown extraordinary circumstances. His motion will be denied to the extent it moves for relief under Rule 60(b).

### B. Motion to transfer

Gainer has also sought an order transferring the case pursuant to 28 U.S.C. § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "In a motion to transfer venue pursuant to § 1404(a), the moving party bears the burden of showing, by a preponderance of the evidence, that transfer to another venue is proper." *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 132 (D. Md. 2024)

(quoting *Kimber v. Plus3 IT Sys., LLC*, Case No. 18-cv-3046-ELH, 2019 WL 1518970, at *3 (D. Md. Apr. 5, 2019)). Courts weigh several case-specific factors, including "(1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008). "The decision whether to transfer venue is committed to the sound discretion of the trial court." *Id.*

Gainer's arguments are primarily directed to "the interests of justice." His main contention is that a separate federal lawsuit filed in the District of Columbia "specifically names federal employees working in the Greenbelt Division . . . creat[ing] an untenable risk for impartial adjudication in this District." ECF No. 24 at 2. As noted above, the D.C. Suit names the undersigned as a defendant. In substance, then, Gainer's motion to transfer is really a motion to recuse due to the appearance of bias stemming from the separate lawsuit.

Federal judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[E]ven the appearance of partiality requires recusal." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 367 (4th Cir. 2024). To determine whether such an appearance is objectively present requires asking "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard,* 811 F.2d 818, 827 (4th Cir. 1987)). Recusal is not required in the face of a party's "unsupported, irrational or highly tenuous speculation." *Id.* (quoting *United States v. DeTemple,* 162 F.3d 279, 287 (4th Cir. 1998)).

"A judge is not disqualified merely because a litigant sues or threatens to sue him." *Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Nat'l Ass'n*, 619 B.R. 121, 133 (D. Md. 2020) (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *aff'd sub nom. Green v. Shellpoint Mortg. Servicing*, 834 F. App'x 18 (4th Cir. 2021)). Indeed, "when presented with prior lawsuits by parties against judges, courts have typically rejected that as a sole basis for recusal." *Braxton v. Boggess*, Case No. 22-cv-246, 2022 WL 3326062, at *3 (S.D.W. Va. Aug. 11, 2022), *aff'd as modified*, Case No. 22-1989, 2023 WL 8728629 (4th Cir. Dec. 19, 2023). In an advisory ethics opinion, the Committee on Codes of Conduct of the Judicial Conference of the United States instructs as follows:

> A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant.

Judicial Conference of the United States, Committee on Codes of Conduct, *Guide to Judiciary Policy, Vol. 2B, Ch. 2* at 190 (last revised July 9, 2025).[1] The opinion goes on to state that the Court should consider "the nature of the complaint, the applicable law, and other relevant circumstances" in deciding whether to recuse on the basis of another lawsuit against the judge. *Id.* Additionally, "[a] complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to

---

[1] Available at perma.cc/S3UP-25CQ.

a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." *Id.*

In light of these standards, the interests of justice do not counsel for recusal and/or transfer. The fact that the Plaintiff has sued the undersigned in a separate lawsuit does not necessarily create the objective appearance of impropriety. A review of the complaint in the D.C. Suit indicates that it brings claims related to alleged mishandling of this case, against the undersigned and the other defendants named in that case in their official capacities. *See Gainer v. Russell et al.*, Case No. 25-cv-03263-TSC, ECF No. 1 at 2 (D.D.C. Sept. 18, 2025). Pursuant to the Judicial Conference's guidance and the precedent cited above, Gainer's separate, related lawsuit naming the undersigned as a Defendant would not give a reasonable observer an objectively reasonable basis to question the undersigned's impartiality. The D.C. Suit is thus not grounds for recusal, and the interests of justice do not warrant transfer.

### C.    **Remaining motions**

Gainer has also filed two motions for a temporary restraining order and a motion to compel ruling. Because the Court has denied the motions for reconsideration and for transfer, the other motions will be denied as moot.

### III.   CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's Motions for Reconsideration (ECF No. 22, 23) are DENIED;
2. Plaintiff's Motions to Transfer (ECF No. 24, 25) are DENIED;
3. Plaintiff's other motions (ECF No. 26, 27, 33) are DENIED as moot;
4. The Clerk of Court shall mail a copy of this Order to Plaintiff; and
5. The Clerk of Court shall mark the case as CLOSED.

Date:  January 22, 2026

/s/
Adam B. Abelson
United States District Judge